## NATHAN MITCHELL *vs.* AARON H. SHELTON.

A demand by an officer upon a garnishee, on an execution issued in a case of foreign attachment, for "*any estate* of the defendant in the hands of the garnishee," is not a sufficient demand of a *debt* owed by the garnishee to the defendant.

An allegation in a writ of *scire facias* that the garnishee was indebted to the original defendant is not equivalent to an allegation that he had his estate in his hands.

Whether an allegation that the officer made demand upon the garnishee "of the sums contained in said execution," would be held on general demurrer or after verdict, to be a sufficient averment of a demand of a debt: *Quære.*

SCIRE FACIAS in foreign attachment, brought to the Superior Court in New Haven county. Special demurrer to the declaration; declaration held insufficient by *Phelps, J.*, and motion in error by the plaintiff. The case is sufficiently stated in the opinion.

VOL. XXXV.—1

*Wooster*, for the plaintiff.

*H. B. Harrison* and *H. B. Munson*, for the defendant.

CARPENTER, J.   This is an action of *scire facias*, brought to enforce the collection of a debt, under the statute relating to foreign attachment.   In the court below the declaration was specially demurred to, and several causes of demurrer assigned.   The court held that the declaration was insufficient, and the plaintiff brings the record before this court by motion in error.

We deem it unneccessary to examine all the questions presented by the record, as we are all satisfied that upon one point the judgment of the Superior Court must be affirmed.

It appears from the declaration, that the officer charged with the service of the execution issued in the original suit, made demand of the garnishee " of the sums contained in said execution, and of any estate of the said Roswell Shelton, (the execution debtor,) in his hands," but it does not appear that he made demand of any *debt* due from him to the said Roswell Shelton.   The declaration then avers that the defendant, " at the time the copy of said writ against the said Roswell Shelton was left with him in service, was indebted to the said Roswell Shelton in a greater sum than the amount of said judgment and execution and said officer's fees thereon."

We think this declaration is insufficient.   The allegation of a demand upon the defendant for Roswell Shelton's estate in his hands is unimportant, because there is no allegation that he had any such estate in his hands.   The allegation that he was indebted to Roswell Shelton is not enough.   It must also appear that a demand was made on him to pay such indebtedness.   It does not appear that any such demand was made.

It was urged in the argument that the allegation of indebtedness is equivalent to an allegation that he had estate in his hands.   We think otherwise.   A horse or other specific article of personal property in his possession is one thing; a debt due from him is quite another thing.   In the one case he is under no obligation to pay money to the officer, he can only be required to deliver to him any property in his hands be-

Mitchell *v.* Shelton.

longing to the debtor; while in the other case he must pay the money owing from him, and cannot discharge his obligation by delivering to him any other property. In the one case the officer levies his execution upon the property, and sells it at the post; in the other he takes the money, and pays it over to the execution creditor.

This distinction is clearly recognized in the statute. The process of foreign attachment is given to a creditor " whenever the goods or effects of any person, who shall be made a defendant in any action at law, or proceeding in equity, are concealed in the hands of his attorney, agent, factor, trustee, or debtor, so that they can not be found to be attached, *or where a debt is due from any person to such defendant.*" Gen. Statutes, p. 66, sec. 289. The 293d section provides that " the plaintiff, on praying out execution, may direct the officer serving the same to make demand of such attorney, agent, factor, or trustee, of the goods and effects of the defendant in his hands, who shall expose the same to be taken on the execution ; *and also to make demand of such debtor of any debt due to the defendant, and such debtor shall pay the same.*" The distinction between goods and effects in the hands of the garnishee, and a debt due from him to the execution debtor, is kept up throughout the entire act.

It was further claimed that the demand " of the sums contained in the execution " was a sufficient demand of any debt due from the garnishee. If this question was before us upon a general demurrer, or upon a motion in arrest after verdict, we might, perhaps, yield our assent to this proposition; but we can hardly do so upon a special demurrer, as the declaration is, at least, defective in form. The defendant was not required to pay the sums contained in the execution, as such; he was only required to pay the debt due from him.

There is no error in the judgment complained of.

In this opinion the other judges concurred.